Erica C. Mirabella
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
(617) 580-8270
(617) 583-1905 (fax)
erica@mirabellaLLC.com

*Counsel for Plaintiffs*
[Additional Counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN CARLSON and JAMAL YUSUF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GILLETTE COMPANY and THE PROCTOR & GAMBLE COMPANY,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Upon personal knowledge as to their own acts and status, and based upon their counsel's investigation, and information and belief as to all other matters, Plaintiffs Lauren Carlson and Jamal Yusuf ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## SUMMARY OF THE ACTION

1. This is a class action brought on behalf of Massachusetts consumers who purchased premium-priced Duracell AA and AAA "Copper Top" batteries (the "Duracell Batteries") carrying the "Duralock ring" based upon Defendants' representations that these batteries would be warranted for ten years.

2. Plaintiffs allege that Defendants concealed and misrepresented material facts concerning potential battery leakage during the intended use of their Duracell Batteries. In reliance on Defendants' representations and marketing, Plaintiffs and the Class purchased and paid a premium price for Duracell Batteries without knowledge that the Duracell Batteries had a greater chance of potentially leaking even when used as intended.

3. Plaintiffs and the Class were damaged as a result and seek damages, restitution and injunctive relief for Defendants' false and misleading representations and omissions.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Lauren Carlson is a resident of Reading, Massachusetts. Plaintiff Jamal Yusuf is a resident of Roslindale, Massachusetts. During the class period, Plaintiffs purchased Duracell Batteries in Massachusetts.

5. Defendant Proctor & Gamble Company ("P&G") is an Ohio corporation with its principal place of business in Cincinnati, Ohio. P&G maintains extensive contacts within the Commonwealth of Massachusetts. On information and belief, P&G ships its products to distributors in Massachusetts, sells its products in retail stores in Massachusetts, and advertises its products in Massachusetts. P&G also maintains corporate offices in Massachusetts and employs workers in Massachusetts.

6. Defendant The Gillette Company ("Gillette") is a Delaware corporation with its

1

principal place of business in Boston, Massachusetts. Gillette also sells its products in retail stores in Massachusetts and advertises its products in Massachusetts.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than one hundred Class members, and minimal diversity exists because Plaintiffs and numerous members of the Class are citizens of different states than Defendants.

8. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with Massachusetts and Defendants otherwise purposely avail themselves of the markets in Massachusetts through the promotion, marketing, and sale of their products and services in Massachusetts to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391(a) because (1) Defendants are subject to personal jurisdiction in the District of Massachusetts, and (2) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendants engaged in the extensive promotion, marketing, distribution, and sales of the products at issue in this District, and Plaintiffs are resident of this District and purchased the products at issue in this District.

## FACTS

10. Duracell is a division of P&G that manufactures and sells batteries including, but not limited to, alkaline batteries.

11. Duracell, Inc. operated as an independent corporation until it was acquired by Gillette on April 21, 1999 and merged into Gillette under the Gillette name. On October 1, 2005, P&G acquired Gillette, including its Duracell-branded consumer battery line. Gillette continues to use the term Duracell as a brand name for its line of consumer batteries.

12. In 2013, the U.S. market for consumer batteries was over $11 billion of which Duracell has approximately a 25% share.

13. Defendants state on the Duracell website that their research reports that there are "some 20 battery-operated devices in the typical household[.]"

14. On June 1, 2012, Defendants announced the launch of their "Duralock Power Preserve Technology" for their entire portfolio of batteries. Defendants announced that all Duralock batteries would be marked with a "Duralock ring" and would be guaranteed for ten years while in storage (i.e., not being used).

15. Defendants stated in a June 1, 2012 press release:

**REALIZING THE NEED FOR TRUSTED POWER**

Duracell research reports that some 20 battery-operated devices reside in the typical household, so Duralock's guarantee means that consumers will be more prepared than ever before to power the devices in their homes regardless of the situation – from remote controls and toys to clocks and garage door openers, and essential devices like smoke and carbon monoxide detectors.

"We know that consumers typically don't spend a large amount of time thinking about batteries," said Kuhn. "But with the demand for more battery power on the rise due to the large amount of battery-operated devices on the market, it's important that Duracell is recognized as a power solution they can trust. Whether a child's toy runs out of juice, a natural disaster occurs and a flashlight needs to work, or you're just looking to kick back and relax with a handheld gadget, Duralock's up to 10-year guarantee means that you will always have access to power when you need it – even if your batteries have been in storage for years."

The launch of Duralock will be supported with Duracell's largest marketing campaign in history, including in-store displays, television and print advertising and public relations. Duracell with Duralock will be available at mass merchandisers, industrial, electronics and battery distributors and hardware stores nationwide starting late summer.

16. Throughout the Class Period, the product packaging for Duracell Coppertop batteries included a prominent ten year guarantee. Examples of the relevant packaging is displayed below:





17. On the back of Duracell Batteries during the class period is the language "Caution: May explode or leak, and cause burn injury, if recharged, disposed of in fire, mixed with different battery type, inserted backwards or disassembled."

18. Defendants further ran television and radio commercials throughout the class period stating: "It just has to work. Duracell. Trusted Everywhere." Another commercial that aired approximately 1,216 times nationally until April 1, 2013 stated: "Why do more emergency workers everywhere trust Duracell? Duralock Power Preserve that locks in power up to ten years in storage-guaranteed. Duracell with Duralock-Trusted everywhere." In this advertisement, a fireman is shown using a flashlight and an AA or AAA battery with the Duralock ring.

19. On each of the Duracell Batteries, Defendants placed a date ten years in the future to affirmatively represent the date that the battery is guaranteed not to fail.

20. Nowhere on the packaging of the Duracell Batteries is the disclosure that the batteries may leak when used in a normal and expected manner. The Duracell Batteries leak even when used in a normal and expected manner.

21. Defendants conspicuously failed to disclose that the Duracell Batteries leak when

4

not in use and the leakage can damage any device that the batteries are stored in.  Defendants' glaring omission that the batteries can leak and ruin electronic devices would, and did, mislead reasonable consumers.

22. Because Defendants' Duralock claims were placed directly on the front of the products' packaging and prominently displayed in television and radio commercials—and there is no corresponding disclosure that Defendants' batteries can leak when stored in devices not in service or use—a reasonable consumer would likely be misled into believing that Duracell Coppertop batteries with Duralock will last for 10 years without leakage. This deception occurs directly at the point of sale when it is most likely to affect a consumer's purchasing decision.

23. Duracell Batteries retail at a premium price compared to similarly sized AA and AAA batteries of competitors' products, which Plaintiffs would have purchased instead of the Duracell Batteries if Plaintiffs had been informed or known of potential failure due to leakage.

24. Defendants had knowledge of the problem of leakage in their AA and AAA sized batteries under normal conditions of use intended by Defendants.  Numerous complaints filed directly with Defendants by consumers showing dates throughout the class period showing a leakage problem.

25. However, Defendants know "that consumers typically don't spend a large amount of time thinking about batteries," yet despite this knowledge of consumer understanding and purchase habits, Defendants withheld critical information in order to increase sales and/or their market share.

26. Defendants, with specific knowledge of the leakage defect, did knowingly conceal pertinent facts from the ultimate consumer to enhance sales.

27. Under Massachusetts ALM GL ch. 93A, on November 18 2014, a written demand for relief, identifying the Plaintiffs and the Class and reasonably describing the unfair or deceptive acts or practices relied upon and the injury suffered by Plaintiffs and the Class, was mailed and delivered to each Defendant.

**PLAINTIFFS LAUREN CARLSON AND JAMAL YUSUF**

28. At various times in the last four years, Plaintiffs purchased the Duracell Batteries.

29. Prior to the Plaintiffs' purchase of the Duracell Batteries, Plaintiffs saw the deceptive "10 Years Guaranteed" package label, saw TV advertising, and heard radio advertising regarding the Duralock guarantee and believed that the batteries purchased would not fail for ten years. Plaintiffs did not know that the Duracell Batteries despite their premium price could leak even if used as intended. Had Plaintiffs known of the Duracell potential to fail, leak and/or damage the Plaintiffs' electronics, they would not have purchased Duracell Batteries.

**CLASS ACTION ALLEGATIONS**

30. Plaintiffs brings this action on behalf of themselves and the following "Class":

> **All purchasers in Massachusetts who bought Duracell Coppertop AA and AAA batteries with Duralock beginning June 1, 2012 throughout the date of notice (the "Class Period").**

31. Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, coconspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. Also excluded from the class are purchasers of Duracell Ultra Power or Ultra Advance AA or AAA batteries purchased during the Class Period.

32. This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

33. Numerosity: Based upon Defendants' publicly available sales data with respect to the misbranded products at issue, it is estimated that the Class number in the thousands, and that joinder of all Class members is impracticable.

34. Common Questions Predominate: This action involves common questions of law

and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, but not limited to:

    a.    Whether Defendants' representations regarding Duracell's Coppertop Duralock AA and AAA batteries were false or misleading in violation of Massachusetts law;

    b.    Whether Defendants' failure to disclose the potential for leakage during the "guarantee period" would mislead a reasonable consumer;

    c.    Whether Defendants charged a premium price for batteries with Duralock technology;

    d.    Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices in violation of Massachusetts law;

    e.    Whether Defendants represented, through words or conduct, that the Coppertop batteries with Duralock had characteristics, uses or benefits that they did not actually have in violation of Massachusetts law;

    f.    Whether Defendants advertised the Coppertop batteries with Duralock with the intent not to sell them as advertised;

    g.    Whether Defendants have been unjustly enriched;

    h.    Whether Plaintiffs and the Class have been damaged by the wrongs complained herein, and if so, whether Plaintiffs and the Class are entitled to injunctive and/or other equitable relief, including restitution.

35.    Typicality: Plaintiffs' claims are typical of the claims of the Class because they bought Defendants' batteries during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiffs and the Class sustained similar injuries arising out of Defendants' conduct in violation of Massachusetts law. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual

underpinning of Defendants' misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

36.     Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Class. Neither Plaintiffs nor their counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the members of the Class. Plaintiffs and Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

37.     Superiority:  There is no plain, speedy or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

38.     The prerequisites to maintaining a class action for injunctive or equitable relief

pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

39. Plaintiffs and their counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude their maintenance as a class action.

## CLAIMS FOR RELIEF

### COUNT I

### Breach of Implied Warranty of Fitness for a Particular Purpose

40. Plaintiffs incorporate each allegation above as if fully set forth herein.

41. Defendants knew or should have known that the AA and AAA batteries complained of herein were defective due to a problem with leakage during the intended use and withheld this information from Plaintiffs and the Class.

42. A battery that leaks under the intended use and/or storage is not fit for the intended purpose for which Plaintiffs and the Class purchased Defendants' AA and AAA batteries.

43. Implied in sale of Duracell AA and AAA batteries is that they would not leak during the intended use and/or storage of the batteries

44. By reason of the foregoing, Plaintiffs and the Class were damaged in the amount of the amount they paid for the purchase of the subject batteries as they would not have been purchased had Plaintiffs and the Class known of the leakage problem in Duracell AA and AAA batteries. In the alternative, Plaintiffs and the Class were damaged in the amount of the price of the more expensive Duracell batteries to those of lower priced alternatives.

### COUNT II

### Unjust Enrichment

45. Plaintiffs incorporate each allegation above as if fully set forth herein.

46. The public policy of Massachusetts does not permit one to take advantage of her

9

own wrong regardless of whether the other party suffers actual damage.

47.    As a result of Defendants' unlawful, fraudulent and misleading labeling, advertising, marketing and sales of the Defendants' batteries, Defendants were enriched at the expense of Plaintiffs and the Class.

48.    Plaintiffs and the Class are known by Defendants to be the intended purchasers of the subject batteries.

49.    Plaintiffs and the Class paid a premium price for batteries which would not have been purchased if Defendants had disclosed the leakage defect.

50.    It would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits they received from Plaintiffs and the Class, in light of the fact that the products were not what Defendants purported them to be. Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiffs and the Class of all monies paid to Defendants for their batteries.

51.    As a direct and proximate result of Defendants' actions, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

### JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, and on behalf of the general public, pray for judgment against Defendants as follows:

A.    For an order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B.    For an order awarding, as appropriate, damages to the Plaintiffs and the Class;

C.    For an order awarding restitutionary disgorgement to Plaintiffs and the Class;

D.    For an order awarding non-restitutionary disgorgement to Plaintiffs and the Class;

E.    For an order requiring Defendants to immediately cease and desist from selling

their batteries in violation of law; enjoining Defendants from continuing to manufacture, label, market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Defendants to engage in corrective action;

      F.     For an order awarding attorneys' fees and costs;

      G.     For an order awarding punitive damages;

      H.     For an order awarding nominal damages;

      I.     For an order awarding pre-and post-judgment interest; and

      J.     For an order providing such further relief as this Court deems proper.

Dated: Boston, Massachusetts
November 19, 2014

          MIRABELLA LAW, LLC

          By:    */s/Erica Mirabella*

          Erica C. Mirabella
          MIRABELLA LAW, LLC
          132 Boylston Street, 5th Floor
          Boston, MA  02116
          Telephone: (617) 580-8270
          Facsimile: (617) 583-1905
          erica@mirabellaLLC.com

          Richard R. Barrett
          2086 Old Taylor Road, Suite 1101
          Oxford, Mississippi 38655
          Telephone: (662) 380-5018
          rrb@rrblawfirm.net

          Barrett J. Clisby
          BARRETT J. CLISBY, PLLC
          Box 240
          2086 Old Taylor Road, Suite 1021
          Oxford, Mississippi 38655
          Telephone: (662) 234-8413
          bjclisby@gmail.com

          Dewitt M. Lovelace
          Valerie Lauro Nettles
          LOVELACE AND ASSOCIATES, P.A.
          12870 U.S. Hwy 98 West, Suite 200
          Miramar Beach, FL 32550
          Telephone: (850) 837-6020
          Fax: (850) 837-4093
          dml@lovelacelaw.com

Charles Barrett
CHARLES BARRETT, PC
6518 Highway 100
Suite 210
Nashville, TN 37205
Telephone: (615) 515-3393
charles@cfbfirm.com

Thomas P. Thrash
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222
TomThrash@sbcglobal.net


Ben F. Pierce Gore
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Facsimile: (408)369-0752
pgore@prattattorneys.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 589-1813
charles@cuneolaw.com

Taylor Asen
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
Facsimile: (202) 589-1813
tasen@cuneolaw.com

*Counsel for Plaintiffs*